**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIE J. BROWN,** *et al.*, | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION 09-00823-KD-M** |
| | ) | |
| **WEYERHAEUSER CO,** *et al.*, | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on Defendants' motion for summary judgment (Docs. 17

and 21) and plaintiffs' response (Doc. 20). Upon consideration the motion is **GRANTED.**

**I.    Procedural Background**

Plaintiffs initiated this litigation against Defendants Weyerhaeuser and Al Harris on

April 2, 2009 in the Circuit Court for Wilcox County, Alabama (CV-2009-21). (Doc. 1 at 18-

20). Plaintiffs amended their complaint on December 8, 2009. (Id. at 29-33). In this case,

Plaintiffs assert two (2) claims against the Defendants for: 1) fraudulent misrepresentation; and

2) age discrimination in violation of the *Alabama Age Discrimination in Employment Act*

("AADEA"), Ala. Code §§ 25-1-20 through 25-1-29. (Id.) On December 28, 2009, Defendants

removed the case to this Court. (Id. at 1-11).

**II.    Factual Background**[1]

Plaintiffs Willie J. Brown and Charles Lawson are former employees of the

Weyerhaeuser Company. They were terminated from employment effective February 25 and 26,

_____

[1] When ruling on a motion for summary judgment, the Court views "the evidence and all
reasonable inferences in the light most favorable to the non moving party." Battle v. Board of Regents for
Ga., 468 F.3d 755, 759 (11th Cir. 2006).

1

2008, respectively. (Docs. 20-2 at 1 and 5, 20-3 at 1). Weyerhaeuser claims that the plaintiffs were terminated because, without authorization, they paid premium pay for data input work.

After termination Brown and Lawson were paid sixty (60) days salary, provided three (3) months health insurance and paid a lump sum severance amount of $29,425.92 and $18,185.30 respectively. (Doc. 17-3 at 46 (Dep. Brown at 69); Doc. 17-2 at 32 (Dep. Lawson at 55)). In exchange for these severance benefits, Brown (on April 17, 2008) and Lawson (on March 10, 2008) signed a release of claims agreement. (Doc. 17-3 at 72-73; Doc. 17-2 at 53-54). The agreement included a release of any claims against Weyerhaeuser that plaintiffs might assert under contract, tort, common law or discrimination statutes. Brown and Lawson acknowledged in the release that they had been advised, and were given the opportunity, to seek legal counsel prior to executing the release agreement.

On April 2, 2009, plaintiffs changed their minds and filed a lawsuit against their former employer.[2] (Doc. 1 at 18-20). Brown and Lawson allege that they received the appropriate authorization and that their termination was wrongful because they relied, to their detriment, on their supervisor's misrepresentation that the premium pay for data entry was approved. Brown and Lawson also claim that their termination was based on age discrimination.[3]

III. **Conclusions of Law**

"The court shall grant summary judgment if the movant shows that there is no genuine

_____

[2] The complaint names Al Harris as a defendant, however, plaintiffs concede in their response to summary judgment that he should be dismissed. Accordingly, it is hereby **ORDERED** that Defendant Al Harris is **DISMISSED.**

[3] Lawson, age 39 at the time he was terminated, admits that his age discrimination claim is due to be dismissed. Accordingly, it is hereby **ORDERED** that Plaintiff Lawson's age discrimination claim is **DISMISSED.**

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.

R. CIV. P. 56(a) (Dec. 2010). The recently amended Rule 56(c) governs Procedures, and

provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> > **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).

Defendant, as the party seeking summary judgment, bears the "initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of 'the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). (quoting Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing

on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted).

Release of claims agreements, in the employment context, are recognized under Alabama law as enforceable contracts. Dunlap v. Regions Fin. Corp., 983 So.2d 374, 378 (Ala. 2007) (quoting Wayne J. Griffin Elec., Inc. v. Dunn Const. Co., 622 So.2d 314, 317 (Ala.1993)) (providing that "absent fraud, a release supported by valuable consideration and unambiguous in meaning, will be given effect according to the intention of the parties from what appears in the four corners of the document itself[]"). In response to Defendant Weyerhaeuser's argument that summary judgment is called for based on the releases, Plaintiffs assert that the release should be ignored because "the parties did not have a meeting of the minds" in that "one party was thinking retirement, the other was thinking severance." This argument has no merit. The agreement signed by the parties clearly indicates that the release of claims was in return for severance pay.

Plaintiffs also contend that the release of claims agreement should be ignored because there was no consideration for the release. Specifically, Plaintiffs state that "the monetary settlement was a right owned by plaintiffs by virtue of their employment." This argument is clearly contradicted by evidence submitted by the plaintiffs. The benefit booklet submitted by the plaintiffs states that "[t]o receive a severance benefit, you must sign and return the Severance

4

Agreement and Release of Claims within 45 days after receipt." (Doc. 20-4). Thus, the receipt of a severance benefit is not a right until and unless there is a signed release of claims.

Accordingly, because plaintiffs have failed to put forth any viable argument that the release of claims agreements are unenforceable, it is **ORDERED** that summary judgment is hereby **GRANTED** in favor of Defendant Weyerhaeuser and against the plaintiffs.

A separate judgment shall be issued in conjunction with this Order.

**DONE** and **ORDERED** this the **18th day of January 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
